## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAM CADDIE, LLC, a California company, <br><br>      Plaintiff, <br> v. <br> SAKAR INTERNATIONAL, INC., a New York Corporation, <br><br>      Defendant. | CIVIL ACTION NO. 2:19-cv-8014 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Cam Caddie, LLC ("Plaintiff") brings this complaint against Sakar International, Inc. ("Defendant"). As its complaint against Defendant, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.      This is an action under 35 U.S.C. § 271 for infringement of United States Design Patent No. 503,421.

### THE PARTIES

2.      Plaintiff Cam Caddie, LLC, is a California company having a principal place of business at 2005 Orange Street, Suite F, Alhambra CA 91803.

3.      Defendant Sakar International, Inc. is a New York corporation having a principal place of business at 195 Carter Drive, Edison, NJ 08817-2068. Sakar International may be served via its registered agent for service of process, Charles Saka at 195 Carter Drive, Edison, NJ 08817-2068.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

5.     This Court has personal jurisdiction over the Defendant because, *inter alia*, it resides in the State of New Jersey; regularly conducts business in the State of New Jersey; and continues to commit acts of patent infringement in the State of New Jersey including by making, using, offering to sell, and/or selling Accused Products within the State of Jersey and this district.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).   Defendant is subject to this Court's personal jurisdiction because, *inter alia*, Defendants have committed and continue to commit acts of patent infringement including making, using, offering to sell, and/or selling Accused Products in this district, and/or importing Accused Products into this district; Defendant has a principal place of business in this judicial district, and Defendant employs personnel in this judicial district.

## FACTS

7.     Plaintiff is the owner, by assignment, of U.S. Design Patent No. 503,421 ("the '421 Patent"), entitled "Video Camera Handle Attachment," which was duly and legally issued on March 29th, 2005 by the United States Patent and Trademark Office ("USPTO").

8.     A copy of the '421 Patent is attached to this Complaint as Exhibit A.

9.     The claims of the '421 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a) ('421 PATENT)

10.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11.     Claim 1 of the '421 Patent covers "the ornamental design for a video camera

handle attachment, as shown and described."

12.     Defendant manufactures, imports into the United States, offers for sale, and/or sells camera photo accessories, which infringe Claim 1 of the '421 Patent (hereafter "Accused Product(s)").

13.     Defendant's Accused Product(s) include, without limitation the Vivitar Action Sports Grip (VIV-VPT-200-BLK).

14.     A claim chart comparing Claim 1 of the '421 Patent to the Accused Product(s) is attached as Exhibit B.

15.     Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '421 Patent.

16.     As a direct and proximate result of Defendant's infringement of the '421 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A.     In favor of Plaintiff that Defendant has infringed one or more claims of the '421 Patent, either literally or under the doctrine of equivalents;

B.     Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '421 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty;

C.     In the alternative, requiring Defendant to pay to Plaintiff its total profits but not less than $250.00 provided under 35 U.S.C. § 289; and

D.     For such other and further relief, as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.


Dated:  March 6, 2019

Respectfully submitted

*/s/Stamatios Stamoulis*
Stamatios Stamoulis #01790-1999
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

*/s/ Todd Y. Brandt*
Todd Y. Brandt *(Pro Hac Vice pending)*
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone:  (903) 212-3130
Facsimile:  (903) 753-6761
tbrandt@thebrandtlawfirm.com

***Attorneys for Plaintiff Cam Caddie, LLC***